IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THOMAS ROBERTS, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No.  05-1325-MLB |
| ) | |
| CESSNA AIRCRAFT COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This case comes before the court on defendant's motion to dismiss plaintiff's claim under the Family Medical Leave Act (FMLA). (Doc. 15).  The motion has been fully briefed and is ripe for decision. (Docs. 16, 18, 20).  Defendant's motion is granted, for the reasons herein.

**I.   FACTS**

Plaintiff began his employment with defendant in 1995. Plaintiff does not have eyesight in one eye which limits his ability to see well.  Until February 2003, plaintiff was employed in the stockroom. In February 2003, plaintiff took a medical leave of absence. Plaintiff alleges that his medical problem was a serious medical need as defined by the FMLA.  Plaintiff did not return to work until September 2004.  Upon his return, defendant placed plaintiff in a position as a sheet metal assembler.  Plaintiff was unable to perform his job since he lacks depth perception.  Plaintiff requested transfer to another position in which he could perform.  Defendant did not transfer plaintiff.  Instead, defendant terminated plaintiff's employment.  (Doc. 10 at 2-5).

Plaintiff has alleged that defendant violated the FMLA by failing to post a notice or provide information in defendant's personnel manual regarding plaintiff's rights under the FMLA, failing to notify plaintiff of the FMLA when he took medical leave and placing plaintiff in a position that he could not perform and which was not equivalent to the position he held at the time of his leave.  Defendant moves to dismiss plaintiff's FMLA claim on the basis that plaintiff has failed to allege any actual prejudice.  Plaintiff asserts that his prejudice is his failure to be placed in a similar position and his ultimate termination.

## II.  Motion to Dismiss Standards: FRCP 12(b)(6)

The standards this court must utilize upon a motion to dismiss are well known.  This court will dismiss a cause of action for a failure to state a claim only when it appears beyond a doubt that the plaintiff can prove no set of facts that would entitle legal relief or when an issue of law is dispositive.  See Ford v. West, 222 F.3d 767, 771 (10th Cir. 2000); Robinson v. Kansas, 117 F. Supp.2d 1124, 1129 (D. Kan. 2000).  All well-pleaded facts and the reasonable inferences derived from those facts are viewed in the light most favorable to plaintiff.  See Ford, 222 F.3d at 771; Davis v. United Student Aid Funds, Inc., 45 F. Supp.2d 1104, 1106 (D. Kan. 1998). Conclusory allegations, however, have no bearing upon this court's consideration.  See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (stating that "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based"); Overton v. United States, 74 F. Supp. 2d 1034, 1041 (D. N.M. 1999) (citing Dunn v. White, 880 F.2d 1188, 1190 (10th Cir. 1989)).

In the end, the issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claims.  See Robinson, 117 F. Supp.2d at 1129.

**III. ANALYSIS**

The FMLA affords a qualified employee twelve weeks of unpaid leave each year for serious health problems.  29 U.S.C. §§ 2601-2654. The FMLA requires an employer to reinstate an employee to his former position or its equivalent upon the employee's timely return from FMLA leave.  29 U.S.C. § 2614(a).  An employee may recover damages against the employer when it has interfered with the right to medical leave or reinstatement following medical leave.  29 U.S.C. § 2615; Smith v. Diffee Ford-Lincoln-Mercury, Inc., 298 F.3d 955, 960 (10th Cir. 2002). To prevail on an entitlement claim, the employee must prove an FMLA right to leave or reinstatement; the employer's interference with, restraint of or denial of that right; and prejudice resulting to the employee.  Ragsdale v. Wolverine World Wide, Inc., 535 U.S. 81, 90, 122 S. Ct. 1155, 1161, 152 L. Ed.2d 167 (2002).

Defendant asserts that plaintiff has failed to sufficiently allege that the violation resulted in prejudice to plaintiff. Plaintiff responds that he has been prejudiced by not being placed in a similar position to the one he held at the time of his leave and that this ultimately resulted in his termination.  Plaintiff began his medical leave in February 2003 and did not return until September 2004.  Plaintiff's leave was in excess of the twelve weeks required by the FMLA.  "If any employee fails to return to work on or before the date that FMLA leave expires, the right to reinstatement also expires."  Hunt v. Rapides Healthcare System, LLC, 277 F.3d 757, 763

(5th Cir. 2001) (citations omitted); see Duty v. Norton-Alcoa Proppants, 293 F.3d 481, 494 (8th Cir. 2002). Plaintiff asserts that since defendant failed to notify him of the availability of FMLA leave, then plaintiff may designate the date at which his leave began, i.e. the twelve weeks prior to his return. Plaintiff's assertion has no support in the law.[1]

Plaintiff's allegations, when construed in the light most favorable to plaintiff, do not support the conclusion that plaintiff would have taken less leave and returned to work earlier had defendant provided plaintiff with proper notice. See Ragsdale, 535 U.S at 90; Smith v. Blue Dot Servs. Co., 283 F. Supp.2d 1200, 1206 (D. Kan. 2003). Since plaintiff had no right to return to his original position, or any position with defendant, after twelve weeks of leave, plaintiff has failed to establish that he has been prejudiced by defendant's failure to give notice of the FMLA.

**IV. CONCLUSION**

Defendant's motion to dismiss plaintiff's FMLA claim (Doc. 15) is granted.

A motion for reconsideration of this order is not encouraged. Any such motion shall not exceed 3 double-spaced pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp, 810 F. Supp. 1172, 1174 (1992). The response to any motion for reconsideration shall not exceed 3 double-spaced pages. No reply

---

[1] Plaintiff has failed to cite to any authority that would support his position. Moreover, due to plaintiff's extended medical leave, plaintiff would not have been classified as a qualified individual under the FMLA in June or July 2004 since he had not worked at all during the previous twelve months.

-4-

shall be filed.

    IT IS SO ORDERED.

    Dated this __12th__ day of July 2006, at Wichita, Kansas.

                                         s/ Monti Belot
                                         Monti L. Belot
                                         UNITED STATES DISTRICT JUDGE